UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>　　　　　Defendant. | Civil Action No.: 1:23-cv-01006<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM OR, IN THE ALTERNATIVE, FOR ENTRY OF A PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c)(1), Plaintiff John Doe hereby submits his Memorandum in Support of Plaintiff's Motion for Leave to Proceed Under Pseudonym, or in the alternative, for entry of a protective order in order to protect the identity of the Plaintiff where there is no less drastic means available to do so. Given the highly sensitive nature of the subject matter underlying Plaintiff's claims for relief, compelling reasons exist for allowing him to proceed under pseudonym. For the reasons below Plaintiff respectfully moves that the Court grant the relief requested herein.

## BACKGROUND

The very nature of the case elucidates the reason that the Plaintiff is entitled to protection and should be permitted to proceed pseudonymously. Plaintiff's claims are brought under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681, *et seq.*, arising out of the sale of an inaccurate employment background report by Defendant First Advantage Background Corporation ("First Advantage") published to Plaintiff's potential employer, which falsely portrayed the Plaintiff's criminal record. Specifically, Defendant reported an expunged felony criminal record that should

1

not have been reported, and also reported the misdemeanor possession of cocaine conviction which does not belong to Plaintiff. (Complaint ¶ 56). After reviewing the consumer report from Defendant, Plaintiff's job offer was revoked (*Id.* at ¶ 64). Currently, such felony criminal record is not in existence because it has been expunged and, as a result, Plaintiff has no criminal record, and the misdemeanor possession of cocaine conviction belongs to Plaintiff's brother.

## ARGUMENT

This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality and protecting consumers from the disclosure of private or inaccurate facts:

> agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis added).

In order to protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions. The FCRA further provides that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

Specifically, Plaintiff's complaint arises out of an employment background check report published by Defendant to Plaintiff's potential employer, which falsely portrayed Plaintiff as currently having a drug-related felony and misdemeanor conviction on his criminal record. Fundamental to Plaintiff's lawsuit is the allegation that Defendant could not possibly have obtained

information leading to this inaccurate reporting because **no such information exists on the public record**. Plaintiff's criminal record was expunged pursuant to the normal and thus does not currently have a felony record.

"The decision whether to allow a party to proceed pseudonymously is within the discretion of the court." *Doe v. Trustees of Indiana Univ.*, 577 F. Supp. 3d 896, 901-02 (S.D. Ind. 2022). Courts exercising this discretion examine whether the plaintiff has a substantial privacy right that outweighs the customary "presumption of openness in judicial proceedings." *A. B. v. Brownsburg Cmty. Sch. Corp.*, No. 120-CV-02487-JMS-MJD, 2021 WL 3007972, at *1 (S.D. Ind. Feb. 16, 2021) (M.J. Dinsmore) (citations and quotations omitted). The following non-exhaustive factors guide this analysis:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Trustees of Indiana Univ.*, 577 F. Supp. 3d at 902.

Applying the relevant *Doe v. Trustees of Indiana Univ.* factors to this case leads to the conclusion that the public interest in favor of open judicial proceedings is far outweighed by Plaintiff's interest in keeping his identity private to protect himself from further economic and reputational harm.

The public interest in knowing the identity of the Plaintiff does not extend beyond the basic public interest in keeping legal proceedings transparent, in general. There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. Absent anonymity, in order to pursue his FCRA claim and be made whole thereunder, Plaintiff would disclose matters of sensitive and highly personal nature and of the utmost intimacy, creating a public record wherein

uninterested parties would have access to a criminal record that has been expunged and wiped from public consciousness by operation of Indiana law. Unless permitted to proceed under a pseudonym, Plaintiff's action would be the equivalent of attaching a bullhorn to Defendant's falsities that were heretofore in limited, though injurious, circulation.

An order denying permission to proceed under pseudonym in this case would have a chilling effect on any consumer's ability to vindicate his rights where criminal records are improperly reported. Stated another way, without leave to proceed under pseudonym, Plaintiff will be forced to choose between (1) maintaining the clear judicial record wherein no publicly available information links him to the felony, or (2) prosecuting the statutory protections provided by the FCRA. The Plaintiff therefore asserts that his interest in preserving privacy in a matter of sensitive and highly personal nature and of the utmost intimacy is more than sufficient to outweigh the generic public interest in available information.

Revealing his identity to the general public will cause certain and severe harm to the Plaintiff, to the point that the Plaintiff will need to decide if he values his privacy more than the vindication of his rights under the FCRA. An adverse decision here would thwart the public's interest in ensuring that consumers receive the protections of the FCRA and are permitted access to the judicial system to vindicate those rights. The public interest will continue to be served, even with the Plaintiff proceeding pseudonymously, as the record in this case will not be sealed and the legal and procedural rulings in this case will remain a matter of public record. *Doe v. Purdue Univ.*, 321 F.R.D. 339, 343 (N.D. Ind. 2017).

Furthermore, Defendant will be able to fully and fairly litigate against the Plaintiff without publicly revealing his identity. Here, Plaintiff does not seek to prevent Defendant from knowing his identity, but rather, seek only to shield his identity from the public. Plaintiff will provide

Defendant with the relevant information to allow Defendant to identify Plaintiff from their records so they will have the information they need to defend themselves in this litigation. Courts have found that where defendants have access to plaintiffs' true identities, there is no prejudice. *Bd. of Trustees of Indiana Univ.*, 2022 WL 1266383, at *3.

## CONCLUSION

Given the highly sensitive nature of their allegations, public interest, and lack of prejudice to Defendant, compelling reasons exist for allowing him to proceed under pseudonym. For the foregoing reasons, Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid disclosure of his identity so as to avoid making his expunged record public. Specifically, Plaintiff asks this Court to permit him to proceed in this Court under pseudonym. In the alternative, Plaintiff requests this Court enter a protective order which would require that any reference to his true identity or identifying information be filed under seal.

Dated: June 9, 2023        */s/ Jenna Dakroub*
                           Jenna Dakroub, GA #385021
                           **CONSUMER ATTORNEYS**
                           8245 N. 85th Way
                           Scottsdale, AZ 85258
                           T: (602) 807-1525
                           F: (718) 715-1750
                           E: jdakroub@consumerattorneys.com
                           *Attorney for Plaintiff*