UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01006-SEB-MKK |
| ) | |
| FIRST ADVANTAGE BACKGROUND ) | |
| SERVICES CORP., ) | |
| ) | |
| Defendant. ) | |

## Order

Plaintiff moves to have his identity protected while pursuing claims of alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, against Defendant First Advantage Background Services Corp, Dkt. [4]. Plaintiff asks for either permission to proceed under the pseudonym "John Doe," or entry of a protective order to maintain Plaintiff's anonymity. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## I.  Background

The following facts, assumed to be true for the purposes of the following analysis, are taken from Plaintiff's Complaint.

In March 2023, Plaintiff applied and interviewed for a truck driving position with a company out of Indianapolis. (Dkt. 1 at 8-9, ¶¶43-50). During the interview, Plaintiff "disclosed his expunged criminal record" to his potential employer. (*Id.* at 9, ¶49). The potential employer extended Plaintiff a job offer "conditioned upon Plaintiff passing a background check." (*Id.* at 9, ¶50). The background check was

1

prepared by Defendant and provided to Plaintiff's potential employer. (*Id.* at 9, ¶¶51-53). That same day, the employer notified Plaintiff that the job offer had been revoked "as a direct result of the criminal records reported by Defendant." (*Id.* at 12, ¶64). The report prepared by Defendant showed that Plaintiff had felony and misdemeanor convictions. (*Id.* at 9-10, ¶¶55-56). But neither conviction should have been on the report, according to Plaintiff. The felony conviction had been "expunged and should not have been reported," and the misdemeanor did not belong to Plaintiff, but rather to a third-party. (*Id.* at 10-11 (emphasis omitted)).

Plaintiff contacted Defendant to "dispute[] the inaccurate record" it had reported to Plaintiff's potential employer. (*Id.* at 13, ¶¶71-72). In May 2023, Defendant "conceded its erroneous reporting of the misdemeanor record," confirming "that the criminal record of another individual had since been removed." (*Id.* at 13, ¶73). "However, Defendant failed to remove the expunged criminal record from Plaintiff's consumer report." (*Id.* at 13, ¶74 (emphasis omitted)).

Plaintiff filed this lawsuit on June 9, 2023, claiming Defendant violated the FCRA based on Defendant's alleged inaccurate reporting of the expunged felony conviction and a misdemeanor conviction that did not belong to him, 15 U.S.C. § 1681e(b), and Defendant's inadequate reinvestigation of the expunged felony record, 15 U.S.C. § 1681i. (Dkt. 1 at 15, 16).

Simultaneous with his complaint, Plaintiff also filed the Motion now before the Court, asking for either permission to proceed under the pseudonym "John Doe," or the entry of a protective order to maintain his anonymity. (Dkt. 4). According to

Plaintiff, his "interest in keeping his identity private to protect himself from further economic and reputational harm" amounts to an exceptional circumstance that justifies allowing him pseudonymity in federal court, or, alternatively, a protective order "requiring any reference to his true identity or identifying information be filed under seal." (Dkt. 5 at 3, 5). Defendant disagrees, arguing that this case does not present an "exceptional circumstance" warranting pseudonymous litigation or a protective order. (Dkt. 13).[1]

## II.   Legal Standard

"The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). This principle is reflected by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). The Seventh Circuit has canonized the presumption against pseudonymous litigation on the foundation that "[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005); *see also Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) ("'[t]he use of fictitious names is disfavored'") (quoting *Blue Cross & Blue Shield United*, 112 F.3d at 872); *Blue Cross & Blue Shield United*, 112 F.3d at 872

---

[1] Defendant filed an unopposed Motion for Leave to File an Amended Brief in Opposition to Plaintiff's Motion for Leave to Proceed Under a Pseudonym, Dkt. [17]. The amended response corrects a footnote in the initial response. *Compare* (Dkt. 13 at 3 n.1) *with* (Dkt. 17-1 at 1 n.1). The Court **GRANTS** Defendant's Motion, Dkt. [17], to the extent that the Court accepts it as Defendant's response. However, as that was the only change and rather than have Defendant refile, the Court will cite to Docket 13 in this Order.

3

("Identifying the parties to the proceeding is an important dimension of publicness.").

Nevertheless, "exceptional circumstances" can justify pseudonymity for litigants seeking relief in federal court. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) ("Not that concealment of a party's name is always improper."). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from [concealing the party's identity]." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (citations omitted). This requires the movant to show that the harm he faces "exceeds the likely harm from concealment." *Dettelbach*, 59 F.4th at 259 (quoting *City of Chicago*, 360 F.3d at 669).

The Seventh Circuit has identified some exceptional circumstances that constitute privacy interests warranting pseudonymity, such as "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses," *Blue Cross & Blue Shield United*, 112 F.3d at 872, or when there is a "danger of retaliation," *City of Chicago*, 360 F.3d at 669. S*ee also Dettelbach*, 59 F.4th at 259 (citing *Blue Cross & Blue Shield* and *Vill. of Deerfield*); *Vill. of Deerfield*, 819 F.3d at 377 ("Further, a party's allegation of fear of retaliation 'is often a compelling ground' in favor of anonymity. . . . For instance, we affirmed the use of fictious names where plaintiffs, minor children and their parents, had

4

legitimate fears of future retribution in a case involving religious freedom.") (citations omitted).

Courts in this District have looked to a list of factors when considering whether exceptional circumstances exist, including, for example, the multi-factor analysis referenced by both Plaintiff, (Dkt. 5 at 3), and Defendant, (Dkt. 13 at 6)[2]:

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering [physical or mental] injury if identified; [] (5) whether the party defending against a suit brought under a pseudonym would be prejudiced; [and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.]

*Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996); *see also Doe v. City of Indianapolis*, No. 1:12-cv-00062-TWP-MJD, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) (adding sixth factor). Courts also consider whether a plaintiff's identity has been kept confidential leading up to the litigation. *Doe v. Trustees of Ind. Univ.*, 577 F. Supp. 3d 896, 908 (S.D. Ind. 2022). Although all these factors may come into play in a court's decision, "it is the movant who ultimately 'bears the burden of proof to show that some combination of these factors outweighs the

---

[2] Defendant cites these factors as controlling, (Dkt. 13 at 6), but they are not. They are merely "helpful in balancing a plaintiff's interest in anonymity against the public's interest in disclosure." *Doe v. Individual Members of Ind. State Bd. of L. Examiners*, No. 1:09-cv-0842-WTL-TAB, 2009 WL 2448468, at *1 (S.D. Ind. Aug. 8, 2009), *objections overruled*, No. 1:09-cv-842-WTL-JMS, 2010 WL 106580 (S.D. Ind. Jan. 4, 2010); *see also Doe v. Cook County*, 542 F. Supp. 3d 779, 784 (N.D. Ill. 2021) ("The Seventh Circuit has not established a specific test for this inquiry, but courts consider numerous non-exhaustive factors to determine whether a movant may proceed under a pseudonym.").

5

ordinary presumption of judicial openness.'" *Id.* at 902 (quoting *Cook County*, 542 F. Supp. 3d at 785)).

Whether a litigant may proceed pseudonymously is entrusted to the discretion of the Court. *Vill. of Deerfield*, 819 F.3d at 376. This discretion comes with "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts," even if the motion to proceed under a fictious name is not opposed. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also* S.D. Ind. L.R. 10-1 (advisory committee comments) ("The court has an independent duty to determine whether the potential harm to a litigant exceeds the presumption that judicial proceedings are open to the public, such that the litigant should be permitted to proceed under a pseudonym.").

### III.  Discussion

Plaintiff wishes to proceed under a pseudonym as he pursues his FRCA claims against Defendant because proceeding under his true name would defeat the purpose of his criminal expungement. Plaintiff contends Defendant improperly included his expunged felony conviction on a background report it prepared, violating the FRCA. Doing so linked him to a felony that, Plaintiff alleges, had "been expunged and wiped from public consciousness by operation of Indiana law." (Dkt. 5 at 4). If Plaintiff is required to proceed under his real name, he argues, his Complaint will "affix[] a bullhorn to the inaccurate reporting" of his expunged criminal record that "giv[es] rise to Plaintiff's claims under the FCRA." (Dkt. 16 at 7). Defendant opposes, arguing "no 'exceptional circumstances' exist here" and "the

6

Seventh Circuit's six-factor test for evaluating such motions weighs strongly against Plaintiff." (Dkt. 13 at 2).

Before delving into a factor-by-factor analysis, the Court notes that it finds *Doe v. Village of Deerfield* instructive. There, the Seventh Circuit considered the issue of whether an order denying leave to proceed anonymously was immediately appealable. 819 F.3d at 374. It answered in the affirmative and, in so doing, also addressed the merits of the plaintiff's request. *Id.* In that case, while pursuing equal protection and malicious prosecution claims, the plaintiff argued "that having to reveal his true identity would thwart the purpose of the expungement of his criminal records and would embarrass him." *Id.* at 375. The Seventh Circuit affirmed the district court, finding no abuse of discretion in its denial of the plaintiff's request. *Id.* at 377. On balance, "anonymity [wa]s not justified" even though "having to proceed under his true name would defeat the purpose of [Plaintiff's] criminal expungement" and result in "embarrassment." *Id.* The risk of embarrassment did not present "exceptional circumstances justifying use of a fictitious name in a civil suit he voluntarily filed." *Id.* (describing the district court's finding). The same is true here: Plaintiff has not met his burden to show exceptional circumstances warranting pseudonymity.

Taken as a whole, the discretionary factors do not weigh in Plaintiff's favor. Plaintiff is not challenging government activity (Factor #1) and is not contemplating illegal conduct (Factor #3). (*See* Dkt. 5 at 3-4). And Plaintiff does not allege a specific risk of physical and mental harm (Factor #4). (*Id.*). As noted by other courts,

7

generalized risks of harm are insufficient grounds for anonymity. *See, e.g., Dettelbach*, 59 F.4th at 259 ("we have refused to allow plaintiffs to proceed anonymously merely to avoid embarrassment") (citing *Vill. of Deerfield*); *Cook County*, 542 F. Supp. 3d at 787 ("The Court recognizes that victims of sexual assault often wish to keep their identities secret out of fear of embarrassment or social stigmatization. Those concerns alone, however, are insufficient to permit a plaintiff to proceed under a pseudonym. . . . However, if a movant shows that her specific circumstances demonstrate a risk of serious social stigmatization surpassing a general fear of embarrassment, courts may consider those circumstances in favor of granting the motion."). As to any potential burden that a pseudonymous proceeding might place on Defendant (Factor #5), (*see* Dkt. 13 at 9), such burden appears to be minimal, and the Court does not find this factor tips the scale in any significant way. The Court finds the sixth factor (i.e., access to proceedings) to be neutral, as neither side presented compelling arguments.[3]

So, the Court turns now to the second factor, which is most disputed: whether Plaintiff would be required to disclose information of the utmost intimacy. Plaintiff argues that this factor "weighs heavily in favor of permitting Plaintiff to proceed under pseudonym." (Dkt. 16 at 4) (emphasis removed). The Court disagrees and concludes that "information of the utmost intimacy" does not mean the type of records at issue here. *See Vill. of Deerfield*, 819 F.3d at 377 (affirming district court's ruling that publication of expunged criminal record was insufficient reason

---

[3] Defendant's bare footnote that a "Westlaw search for cases involving Section 1681e(b) of the FCRA reveals the abundance of" FCRA cases proceeding under real names, without more, counts for little.

for pseudonym); *Doe v. Bates*, No. 3:18-cv-1250-SMY-RJD, 2018 WL 4539034, at *1 (S.D. Ill. Sept. 21, 2018) (distinguishing *Vill. of Deerfield* and finding exceptional circumstances supported anonymity where revealing movant's identity "would, in effect, unravel the protections afford to his juvenile record, which [wa]s maintained in confidence" and "not just expunged, but ha[d] also been sealed because of strong policy considerations"). Relevant to this determination on intimacy is a consideration of whether the information at issue has been maintained confidential to date or already has been made public.

      Plaintiff's Complaint states that he "disclosed his expunged criminal record" to his potential employer. (Dkt. 1 at 9, ¶49). This disclosure was made *before* the allegedly inaccurate background report at the center of this lawsuit. Moreover, Plaintiff's Complaint acknowledges that "underlying public court records regarding the felony criminal record" are "widely available." (*Id.* at 11, ¶60). Indeed, records of Marion County felony convictions[4] – even expunged ones – can be obtained, in many instances, for free from a public access website. *See* mycase.IN.gov. Members of the public can conduct searches by case number or by party name. *See id.* Doing so in Plaintiff's case reveals the felony record which, to be sure, is marked as expunged. *See Trustees of Indiana Univ.*, 577 F. Supp. 3d at 908 (using a Google search to "illustrat[e] how even Plaintiff has not fully attempted to keep his identity confidential when initiating this lawsuit").

---

[4] By inclusion of a cause number beginning with "49G20," (Dkt. 1 at 10), Plaintiff's Complaint indicates that his expunged felony conviction was filed in Marion County, Indiana.

The accessibility of this information – and Plaintiff's voluntary disclosure of it to his prospective employer – weighs strongly against a conclusion that the information is of the "utmost intimacy" such that anonymity is required. Moreover, it strains Plaintiff's repeated declarations that "no publicly available information links him to the felony." (Dkt. 5 at 4). Indeed, a review of Indiana law reveals that offenses "expunged by operation of [Indiana] state law," (Dkt. 16 at 2), are not necessarily "wiped from public consciousness," as Plaintiff asserts, (Dkt. 5 at 4). Instead, the operation of Indiana's expungement statute only goes so far. *See* I.C. § 35-38-9-1(h)(4) ("the court of appeals are not required to redact, destroy, or otherwise dispose of any existing copy of an opinion or memorandum decision that includes the petitioner's name" issued prior to expungement); I.C. § 35-38-9-7(b) ("court records and other public records relating to the arrest, conviction, or sentence of a person whose conviction records . . . have been marked as expunged remain public records.").

With regards to the misattributed misdemeanor, the Court cannot conclude that this information is intimate to Plaintiff at all. The risk of embarrassment upon publication is not to Plaintiff, but to a third-party (about whom Plaintiff provides unnecessarily identifying information). Plaintiff can, and does, explain that inaccurate information as a case of mistaken identity.

In sum, the second factor, whether the movant would be required to disclose information of the utmost intimacy, weighs against Plaintiff here. Plaintiff would not be forced to disclose that which is otherwise unavailable, and even if so, that

10

information is not "of the utmost intimacy." Plaintiff himself disclosed the expunged felony to his potential employer in advance of the background report. And the information is readily available to the public. Thus, Plaintiff has failed to meet his burden to show the "exceptional circumstances" required to proceed pseudonymously. *Vill. of Deerfield*, 819 F.3d at 377.

In light of the above, the Court does not find "good cause" under Rule 26(c) for entry of a protective order at this time. Fed. R. Civ. P. 26(c). To the extent Plaintiff seeks to proceed with this litigation, he shall meet and confer with Defendant for the purposes of seeking entry of a joint protective order governing the exchange of confidential information in this action.

### IV. Conclusion

For the reasons stated, Plaintiff's Motion, Dkt. [4], is **DENIED**. To maintain his action against Defendant in federal court, Plaintiff may re-file the Complaint using his true name or dismiss this suit. *Smith*, 429 F.3d at 710. Alternatively, because the Seventh Circuit places orders denying plaintiffs leave to proceed under pseudonym within the collateral order doctrine, *Vill. of Deerfield*, 819 F.3d at 375-76, Plaintiff may raise his objection to the District Judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Whatever option Plaintiff chooses, the choice must be made and completed within **14 days** of this Order.

The stay set by the Undersigned on Defendant's deadline to respond to Plaintiff's Complaint, (Dkt. 21), is hereby **LIFTED**. Defendant must file a response to Plaintiff's operative complaint within **21 days** of this Order. Defendant's

11

response must correspond to how Plaintiff is identified in the caption of the operative complaint at the time Defendant's response is filed.

So ORDERED.

Date: 10/20/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email