UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILLIP KILLEBREW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01006-SEB-MKK |
| | ) |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., | ) |
| | ) |
| Defendant. | ) |

**<u>Order on the Entry of Protective Order</u>**

This matter comes before the Court on the parties' Joint Motion to Enter a Protective Order, Dkt. [37]. While styled as a joint motion, presenting a stipulated protective order, the proposed order contains numerous areas of disagreement between the parties. The Court has revised the attached order to produce a cohesive document, which is now entered as the protective order in this matter.

SO ORDERED.

Date: 2/29/2024

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-Registered counsel of record via CM/ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| PHILLIP KILLEBREW<br>    Plaintiff, | )<br>)<br>)<br>) | Case No.: 1:23-cv-01006-SEB-MKK |
| v. | )<br>) |  |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP<br>    Defendant. | )<br>)<br>)<br>) |  |

**PROTECTIVE ORDER**

**I.   INTRODUCTION**

The parties, by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby stipulate to the following provisions of this Court's Uniform Stipulated Protective Order.

**II.   SCOPE OF PROTECTED INFORMATION**

   A.   <u>Good Cause Statement:</u> In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the producing party or a non-party.  The parties anticipate production of the following categories of protected information: non-public, proprietary, personal, or confidential information, commercial information, trade secret or non-public intellectual property, or financial-related information concerning a party or its affiliates, or as otherwise set forth herein or agreed to by the parties.

   B.   <u>Definitions:</u> As used in this protective order:

a. "attorney" means an attorney who has appeared in this action and any other attorneys who are also employed by the appeared attorney's firm;

b. "Confidential Information" or "protected information" means information (regardless of how it is generated, stored, maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement;

c. to "destroy" electronically stored information means to delete from all databases, applications, archives, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

d. "document" means all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B);

e. "Designating Party" means a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential;"

f. "litigation" means all appellate proceedings or the expiration of time to commence such appellate proceedings related to this action;

g. "notice" or "notify" means written notice, including via electronic means;

h. "party" means a party to this action; and

i. "Protected Material" or "designated information" means documents, electronically stored information or other tangible things that contain personally identifiable information or "Confidential Information" as defined herein.

### III. DESIGNATION OF PROTECTED INFORMATION

      A.    <u>Scope</u>: This Order governs the production and handling of any protected information in this action. Any party or non-party who produces protected information in this action may designate it as "Confidential" consistent with the terms of this Order. "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and S.D. Ind. L.R. 37-1.

      B.    <u>Application to Non-Parties</u>: Before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if it fails to do so, the parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. Documents or information by a non-party may be designated as Protected Material by the non-party and/or by one of the Parties. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>. Further, the documents or information produced by a non-party shall be treated as Protected Material, whether or not they are designated as such, for fourteen (14) days after receipt of the documents and information to allow the parties to review the material for confidentiality.

C. <u>Timing and Provisional Protection:</u>  Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. However, failure to designate any documents or other discovery material as Protected Material in accordance with the terms of this Order shall not constitute a waiver of a party's assertion that the materials are Protected Materials. In the event that discovery material is or has been produced without having previously been marked "Confidential," the producing party may notify the receiving party of the appropriate confidentiality designation and produce new hard copy, images, or slip-sheets as applicable reflecting the appropriate confidentiality designation.

Deposition testimony and any exhibits not previously produced in discovery in the Litigation will be deemed provisionally protected for a period of 14 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential as part of one or more specific depositions. Information disclosed at a deposition may also be designated by any party as Protected Material by indicating on the record, at the conclusion of all questioning and conclusion of the deposition, that the testimony is confidential and subject to the provisions of this Protective Order. To retain any designations beyond the provisional fourteen (14) day period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired, by notifying all counsel in writing. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts. If the deponent is a non-party, the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 14-day period subject to this Protective Order upon executing the required form attached hereto as Exhibit A.

D.  <u>Manner of Designation:</u>  The parties shall not redact relevant Confidential Information contained in documents and shall produce such unredacted documents to all other parties to this Litigation by designating the documents as "Confidential" in the following manner:

(a)  For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the parties shall mark each page of the document or electronic image asserted to contain Protected Material with the legend "CONFIDENTIAL."

(b)  For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the designation of Protected Material shall be made by branding the slip-sheet for the document, in the lower-right corner with "CONFIDENTIAL." The metadata for the document shall also reflect its confidential status, as set forth in any agreed-upon ESI production specifications. The media on which the Protected Material is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled with "CONFIDENTIAL" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Protected Material must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and where users access the material.

The parties shall designate Protected Material contained in interrogatory answers or responses to requests for admissions by placing within the answer or response: "The following response is 'CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.'"

## IV.     CHALLENGES TO DESIGNATED INFORMATION

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to S.D. Ind. L.R. 37-1.  The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days.  At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level.  If the parties are unable to resolve the dispute, the Receiving Party may file a motion pursuant to S.D. Ind. L.R. 37.1 raising the dispute. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order.  The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

V.     **LIMITED ACCESS/USE OF PROTECTED INFORMATION**

   A.     Restricted Use:

**Plaintiff's Proposed Language:**    Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation and trial as well related settlement negotiations.

**Defendant's Proposed Language:**   Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party.

**The parties agree on the below language:**

No designated information may be disclosed to any person except in accordance with the terms of this Order.  All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its

confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Confidential Information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

Nothing in this Protective Order shall restrict the right of any party to use its own Confidential Information or Protected Material for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information or Protected Material to lose such designation, then it shall no longer be subject to any protection under this Protective Order.

  B. <u>Access to "Confidential" Information</u>: The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;
2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;
3. The parties, including their agents and their company employees, parent companies, affiliates, subsidiaries, and company agents, so long as each such agent or employee has signed the acknowledgment attached hereto as <u>Exhibit A</u>;
4. Any person who is a juror or alternative juror;
5. Any deponent, trial witness, and potential witness in this action who has signed the acknowledgement attached hereto as <u>Exhibit A</u>;

6. Professional jury, trial consultants, mock jurors, and professional vendors, who have signed the acknowledgement attached hereto as Exhibit A;

7. Any person who is retained to assist a party or attorney with this action who has signed the acknowledgement attached hereto as Exhibit A;

8. Any mediator or other third-party neutral in connection with alternative dispute resolution proceedings;

9. Insurance carriers;

10. Experts or consultants employed or consulted by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; and

11. Other witnesses or persons with the Designating Party's consent or by court order.

If Protected Material is revealed to someone not entitled to receive it, the transmitting party must immediately notify the Designating Party and make reasonable efforts to retrieve it.

C. <u>Serving This Protective Order on a Non-Party.</u>  A party serving a subpoena on a non-party in this Litigation must simultaneously serve a copy of this Protective Order.

D. <u>Non-Waiver Effect of Designations:</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must take reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Neither the taking of, nor the failure to take, any action to enforce the provisions of this

Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

    F.    <u>In-Court Use of Designated Information</u>:

        1.    <u>Filing</u>. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal and then seek an order from the Court granting leave to file the Protected Material under seal. Within fourteen (14) days of the filing of the initial motion, the Designating Party may file a response substantiating that the Protected Material should remain under seal. The parties shall comply with the Court's local rules and policies governing filing under seal. This protective order does not, however, authorize the filing of any document under seal.

## VI. CLAW-BACK REQUESTS

    A.    <u>Failure to Make Designation:</u> If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the

Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges. The parties agree that the recall, sequester, destruction or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection.

      B.      <u>Inadvertent Production of Privileged Information:</u>  If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection. The parties must also comply with S.D. Ind. L.R. 37-1 before seeking Court intervention to resolve any related dispute.

VII. **SUBPOENAED OR OTHER COMPULSORY PRODUCTION OF PROTECTED MATERIAL.**

If any party or person who has received Protected Material is asked to produce such information by a subpoena or other compulsory process, the party or person receiving such a request shall promptly inform the designating party that such request has been made and agree to cooperate in the protection of the materials, and the party shall allow the Designating Party seven (7) calendar days to seek appropriate relief or protection from the proper court to prevent the production. Under no circumstances shall the party be expected to incur legal fees to protect the document. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material. Nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from his or another court.

VIII. **DURATION/CONTINUED RESTRICTIONS**

A. <u>Handling of Designated Information Upon Conclusion of Action:</u>  Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this action returns or destroys all of its copies, regardless of the medium in which it was stored.  Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all parties and witnesses for whom that party is responsible.  No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it

is not accessed, used, or disclosed inconsistently with the obligations under this Order.  This provision does not apply to the Court or Court staff.

Nothing in this paragraph shall prevent the parties from complying with each side's duty to maintain files as required under the professional rules of responsibility.

      B.    <u>Continued Restrictions Under this Order</u>:  The restrictions on disclosure and use of confidential information survive the conclusion of this action.

## VIII. REQUESTS TO SEAL

This protective order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with S.D. Ind. L.R. 5-11.

Dated: February 21, 2024

    */s/ Jenna Dakroub*
Jenna Dakroub, GA #385021
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (602) 807-1525
F: (718) 715-1750
E: jdakroub@consumerattorneys.com
*Attorney for Plaintiff*

*/s/ Natalie Cascario*
Henry R. Chalmers, GA #118715
Pro Hac Vice
Natalie L. Cascario, GA #634589
Pro Hac Vice
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-8646
Facsimile: (404) 873-8647
Email: henry.chalmers@agg.com
natalie.cascario@agg.com

Darren A. Craig, #25534-49
Katherine M. Slisz, #36317-49

13

FROST BROWN TODD LLP
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN 46244-0961
Telephone: (317) 237-3800
Facsimile: (317) 237-3900
Email: dcraig@fbtlaw.com
kslisz@fbtlaw.com

*Counsel for Defendant*
*First Advantage Background Services Corp.*